## BORDONARO BROS. THEATRES, Inc. v. PARAMOUNT PICTURES, Inc. et al.

### No. 142, Docket 22483.

United States Court of Appeals Second Circuit.

Argued March 13, 1953.

Decided April 2, 1953.

See also Bordonaro Bros. Theatres, Inc. v. Paramount Pictures, Inc., 2 Cir., 176 F.2d 594.

Francis Anderson, Philadelphia, Pa. (Gray, Anderson, Schaffer & Rome, Philadelphia, Pa., and Joseph C. Bordonaro, Olean, N. Y., on the brief), for plaintiff-appellant.

Frank Raichle, Buffalo, N. Y. (Raichle, Tucker & Moore, Buffalo, N. Y., on the brief), for defendants-appellees Paramount Pictures, Inc., and Warner Bros. Circuit Management Corp.

Sidney B. Pfeifer, Buffalo, N. Y., for defendant-appellee RKO Radio Pictures, Inc.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is a continuance of the litigation which we considered in Bordonaro Bros. Theatres, Inc. v. Paramount Pictures, Inc., 2 Cir., 176 F.2d 594. Plaintiff there had recovered against defendants for violation of the antitrust laws, 15 U.S.C. §§ 1, 2, 15, injuring it in its operation of the Palace Theatre in Olean, New York, for the period up to the time of commencement of that action, September 16, 1946. The present suit was brought to recover its later damages from September 16, 1946, until March 14, 1948. After a substantial trial, the jury

brought in a verdict of $7,500, which the court trebled as required under 15 U.S.C. § 15. Deeming the resulting judgment inadequate, plaintiff has appealed, assigning various errors by the trial judge which it asserts led to the deplored result.

[1] While we may sympathize with plaintiff in its disappointment, we do think—as we thought earlier, 176 F.2d at page 597—that this case raises essentially a jury question, where the jury's function is not to be impeded by the court. As the statement of facts in the earlier case shows, the chief problems arose out of the competition in Olean between the plaintiff's Palace Theatre and the Haven Theatre operated by one of the defendants and showing the pictures of all of them. Here, as there, certain of the evidence tended to show greater drawing power upon the part of the Haven. Moreover, certain comparisons of gross receipts in the two theatres from the same pictures actually provided bases for a considerably lower award. The evidence presented certainly did not require a larger verdict than that awarded plaintiff.

Nor do we think that award vitiated by errors on the part of the trial judge. The first assigned error was the refusal of binding instructions in favor of the plaintiff based on the finding of conspiracy in the previous case. But the judge properly—we might say inevitably—ruled that the plaintiff must prove that the conspiracy continued from 1946 to 1948, and so charged. The judge actually went far in the plaintiff's favor when he told the jury that the former judgment "is conclusive proof that there was a conspiracy between the defendants prior to September 16, 1946," cf. The Evergreens v. Nunan, 2 Cir., 141 F.2d 927, 930, 931, 152 A.L.R. 1187, certiorari denied 323 U.S. 720, 65 S.Ct. 49, 89 L.Ed. 579; but in any event the plaintiff cannot complain. The second purported error, relating to the charge as given, has now been withdrawn. The third was the court's refusal to receive evidence of the comparative box office receipts at the two theatres *after* the close of the conspiracy in

March, 1948. But in ruling against the evidence, the court pointedly referred to the differing conditions that might affect these receipts and plaintiff made no attempt to correct the defect thus drawn to its attention.

The final two assignments of error are of perhaps more general interest. They concern the references by court and counsel to (a) the treble damages claimed and allowable under the statute and (b) the damages actually awarded in the first action which plaintiff now says were themselves entirely too small. It is plaintiff's contention that no reference was permissible and that the mention made caused the jury to belittle its case.

It is to be noted that in its complaint plaintiff pleaded very fully the circumstances of its recovery in the former case, though without mention of the amount itself. It also pleaded the appropriate sections of the Sherman and Clayton Antitrust Acts, and specifically claimed the treble damages provided by statute. Both its contention based upon the former action, as we have noted above, and the trial court's appropriate ruling as to effect of the judgment there entered made reference to the earlier action inevitable and proper. Defendants point out the recital of the statute to the jury in the former action and suggest that the same is true in most, if not all, similar antitrust actions. Surely reference either to the pleadings or to the governing statute is so usual a course in jury trials as to occasion no comment. Hence the recital in the trial judge's charge of just what had happened in the former action and what was claimed in this suit was quite appropriate. Such a statement is more desirable than a half-recital, with attempted concealment of a part—a method leading inevitably to an overemphasis of an otherwise not significant detail. The trial judge further explained with care and precision plaintiff's two theories for the fixing of damages, and, concluding with stress that the case must be decided solely on the evidence before the jury, said: "The fact that a certain recovery was had in the prior trial of this case has nothing to do

with your consideration of the evidence in this case."

Since, therefore, the court's comment was beyond criticism, we must turn entirely to the argument of defendants' counsel if error is to be discovered. In opening, the counsel, after referring to plaintiff's opening, said: "He wants what he can claim as damages multiplied by three, unearned money." The last two words were not exactly a fair, or, at any rate, a complete, statement of the statutory provision; but objection then made was not to the expression, but to any mention of the treble-damage claim. The court allowed this as being "what the complaint alleges." In closing, counsel referred again to the treble-damage claim; and plaintiff again objected and took exception to the court's failure to rule it out, saying that he would refer to it in his own summation. Then defendants' counsel went on to cite the verdict of $28,500 for six years in the earlier case, and again objection was made that mention of the amount had been previously ruled out, which appears to have been an error, as counsel pointed out. The court then said, "The amount has been stated many times"; and plaintiff noted an exception. Thereupon counsel repeated his reference to the amount, noted that the period here was one-quarter that covered in the earlier case, and suggested that a division of the earlier verdict by one-quarter here would give $7,100, "and the Court multiplies it by three, a pretty good week's work." Here, again, the reference was not entirely fair, being merely to a computation of an earlier jury not binding here; but the objection was not to the specific partially objectionable matter, but rather to any reference at all.

In argument and summation, counsel must be accorded some leeway to discuss the matter properly in the record. Here certain nuances of argumentation were not admirable; had specific attention been called to these features, correction or more careful explanation would have been appropriate. But the matter was in evidence; and counsel, like the court, was entitled to

state the actual facts without coloration. We do not deem this slight overstepping of the full proprieties ground for upsetting a just result in the absence of appropriate or revealing objection, since, too, it was followed not merely by opposing counsel's own summation, covering in detail his claims of inadequacy of the earlier verdict and the congressional authorization of treble damages, but also by the precise, accurate, and limiting charge of the court which we have cited earlier.

Judgment affirmed.