**POLLOCK & RILEY, INC.**
v.
**PEARL BREWING COMPANY.**
Civ. A. No. SA–72–CA–247.

United States District Court,
W. D. Texas,
San Antonio Division.
Aug. 16, 1973.

————◆————

John Oliver, Oliver & Oliver, James R. Warncke, San Antonio, Tex., for plaintiff.

J. Burleson Smith, Cox, Smith, Smith, Hale & Guenther, San Antonio, Tex., for defendant.

## THE MOTION

WOOD, District Judge.

The case before the Court is a Civil antitrust action jurisdictionally grounded upon 15 U.S.C. Secs. 1, 2, 14, 15 and 22. Plaintiff urges in his motion that defendant be refrained from informing the Jury of the penalty provisions of 15 U.S.C. Sec. 15.[1] Plaintiff argues that the Jury might adjust accordingly its findings as to damages and that his case would thereby be prejudiced. Defendant sees no reason to so blindfold the Jury of the provisions of the Statutes involved.

There appears to be no definitive statement on this point by the Fifth Circuit. None has been cited to the Court nor has any been found by the Court. There are conflicting opinions among the several Circuits. See Semke v. Enid Automobile Dealers Association, 456 F.2d 1361 (10th Cir., 1972). There seems to be among the Judges of this jurisdiction some variance in opinion on this precise issue. This Court has, therefore, examined the question carefully and come to its own conclusion.

## THE QUESTION

The question, squarely, is whether the Jury is to be informed by the Court, by counsel for either party, or by written notation in any pleading or element of evidence received, of the punitive provisions of 15 U.S.C. Sec. 15 allowing a successful plaintiff recovery of treble damages, a reasonable attorney's fee, and costs of suit.

■ The question of the amount of attorney's fees to be allowed the successful plaintiff in an antitrust action is one left solely to the reasonably exercised discretion of the Trial Judge. Volasco Products Co. v. Lloyd A. Fry Roofing Co. (C.A.Tenn., 6 Cir. 1965) 346 F.2d 661, certiorari denied, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157, rehearing denied, 386 U.S. 1042, 87 S.Ct. 1473, 18 L. Ed.2d 615. In the exercise of this discretion he has the benefit of a well developed set of guidelines to aid him. Twentieth Century Fox Film Corp. v. Goldwyn (C.A.Calif., 9 Cir. 1964) 328 F.2d 190, certiorari denied, 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87. Thus, the allowance of attorney's fees is mandatory and the only function of the Court is to determine the amount thereof. The Jury has no function in the matter.

[1]. 15 U.S.C. Sec. 15
"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

The question of allowing costs to the successful plaintiff in an antitrust action is also determined by the Statute. 15 U.S.C. Sec. 15. The only function the Trial Judge might serve is in determining the proper elements of costs. In this function the discretion of the Trial Judge is limited. Again, the Jury has no function in the matter.

The question of allowing treble damages to the successful plaintiff is also determined by Statute. Plaintiff is allowed treble his actual damages sustained as a result of the prohibited activity. 15 U.S.C. Sec. 15. The function of the Trial Judge in this matter is to multiply by three the actual damages the Jury determines to have been sustained by plaintiff. In this matter, then, the Jury has its normal and usual function in a civil case—that of determining the actual damages, if any, sustained by the plaintiff. At the same time, however, it is clear that the trebling of damages is a matter solely for the Court.

It is, therefore, a fair and correct conclusion that any consideration of the elements of punitive damages provided for by the Statute is wholly outside the province of the Jury.

What purpose then is served or to what extent is error committed by allowing the Jury to be informed of the punitive provisions of the Statute?

On the one hand, it has been said that it is only natural for the Trial Judge to refer to a governing Statute or to the pleadings in the course of the trial. See Bordonaro Bros. Theatres v. Paramount Pictures, 203 F.2d 676 (2nd Cir., 1953) involving a similar complaint as to the mention of treble damages. Several other considerations, however, come to mind. Unlike other civil proceedings wherein the Jury may be asked to assess punitive damages, in the civil antitrust suit the Statute specifically provides for certain punitive damage awards to be made as a matter of law. The Jury is not asked to perform other than its normal function of determining the amount of actual damages, if any.

An analogy with the criminal procedure is relevant in this regard. The Jury in the criminal case in Federal Court is not informed what punitive action the Court may take upon a verdict of guilty. While a copy of the Grand Jury indictment may be given to the Jury, no mention is made therein of punishment. Sentencing is a matter for the Court. The Jury is not informed of, and specifically instructed not to concern itself with, any punishment the Court might impose in the event it should find the defendant guilty. The Jury's function is fact-finding. Likewise, in the civil antitrust suit the punitive damage award is purely a matter of law solely for the Court.

Further, it is the practice in this jurisdiction that the pleadings in the civil case are not given to the Jury. The Jury need only know what actual damages the plaintiff seeks to prove. It will consider the evidence admitted and the testimony of the witnesses and arrive at its verdict.

## IMPUGNING AND RESOLVING THE CONFLICT

The Tenth Circuit has only recently written on this very topic. It was there said:

"The consequence of advising the jury of this [the treble damage provision] can only be that the jury will adjust its award accordingly. But in an antitrust case it is not for the jury to fix the amount of the judgment. Its function is completed once it determines the amount of damages." Semke v. Enid Automobile Dealers Association, supra, 456 F.2d p. 1370.

The Court goes on to say that to so allow mention of the treble damage provision to the Jury would be "error". The case was remanded for a limited retrial on other grounds. The Court mandated the Trial Judge to avoid repeating the error of mentioning the treble damage penalty to the Jury:

"If the judgment were to be affirmed, we would consider the error

harmless since there existed little room in the evidence under the trial court's instruction to award any damages. In view, however, of the limited retrial, we must notice the ruling [on treble damages] so that it can be avoided on retrial." *Semke*, supra, p. 1370.

Of similar view was the District Court for the District of Columbia in Webster Motor Car Co. v. Packard Motor Car Co. (D.C.D.C., 1955) 135 F. Supp. 4, reversed on other grounds 100 U.S.App.D.C. 61, 243 F.2d 418, certiorari denied, 355 U.S. 822, 78 S.Ct. 29, 2 L. Ed.2d 38, rehearing denied, 355 U.S. 900, 78 S.Ct. 259, 2 L.Ed.2d 197. Speaking to this point, Judge Alexander Holtzoff said:

> "There was no reason for informing the jury that whatever damages they would award would be trebled, because this is a matter solely for the court. In fact, the jury might have taken such a statement as an intimation to keep the damages at a low level, in view of the fact that the amount allowed by the jury would be multiplied by three. This would have tended to defeat the purpose of the Act of Congress.

> "In this connection, it must be noted that it is the practice in this jurisdiction in civil cases not to give the pleadings to the jury. The custom is otherwise in criminal cases, as the indictment is generally handed to the jury. There may be some reason for imparting the information to the jury in those districts in which it is customary to supply the pleadings to the jury in civil cases, because otherwise the jury on reading the prayer for relief might be confused by the demand for triple damages and might be perplexed by a doubt whether it was its duty to multiply the actual damages by three."

The logic and reasoning announced by the Tenth Circuit and by Judge Holtzoff in this matter seems to this Court to be compelling.

## ORDER

For the reasons hereinabove announced the Motion in Limine of the plaintiff in the above styled and numbered cause is hereby in all things granted.

The Jury is not to be informed of the punitive provisions of 15 U.S.C. Sec. 15, allowing award to the successful plaintiff of treble damages, reasonable attorney's fees and costs, either orally at any time or in any pleading or written element of evidence received. In this matter, the Jury is to be in all respects "blindfolded".